FILED



2013 Feb-11  AM 09:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **HELEN WILLIAMS,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CASE NO.**＿＿＿＿＿ |
| | ) | |
| **AT&T, EOS/CCA** | ) | |
| **& US ASSET MANAGEMENT, INC,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## <u>COMPLAINT</u>

Comes now the plaintiff, **HELEN WILLIAMS**, hereinafter referred to as plaintiff by her attorney and says as follows:

### I. PARTIES

1.  The plaintiff **HELEN WILLIAMS** is a citizen of the United States and a resident of the State of Alabama.

2.   The defendant **AT&T** (hereinafter collectively referred to as "defendant" or "AT&T") is a sole proprietorship, partnership, corporation, or other business entity organized under the laws of Alabama and whose principal places of business is outside of the State of Alabama.  At all times relevant hereto AT&T was a principal and/or agent of EOS/CCA and US Asset Management, Inc. and they are jointly and severally liable for each other's conduct.

3.   The defendant **US ASSET MANAGEMENT, INC.** (hereinafter collectively referred to as "defendant" and/or as "USAM") is a sole proprietorship, partnership, corporation, or other business entity organized under the laws of Alabama and whose principal place of business is outside of

the State of Alabama.  Defendant USAM is a debt collector as defined and governed by the FDCPA.  At all times relevant hereto, USAM acted as the agent of AT&T & EOS/CCA.

4.  The defendant **EOS/CCA** (hereinafter collectively referred to as "defendant" and/or as "EOS") is a sole proprietorship, partnership, corporation, or other business entity organized under the laws of Alabama and whose principal place of business is outside of the State of Alabama. Defendant EOS is a debt collector as defined and governed by the FDCPA.  At all times relevant hereto, EOS acted as the agent of AT&T & USAM.

## II. JURISDICTION

5.  The plaintiff alleges that the defendants are subject to this Court's federal question

jurisdiction and engaged in conduct in violation of the ***Fair Debt Collection Practices Act (FCDPA), 15 U.S.C. § 1692, et. seq., including violations of § (Harassment or Abuse) and § 2, 4, 5, 8, 10, (False or Misleading Representations).***

6.  Furthermore, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) & 157 (b)(2) and supplemental jurisdiction and diversity of the state claims.

### III. <u>FACTS</u>

7.  The plaintiff's identity was stolen and someone used the plaintiff's identity to open an account with AT&T mobility and/or the defendant's negligently and recklessly identified the plaintiff as the owner of said account.

8.   The defendant EOS, acting on behalf of USAM and AT&T, attempted to collect said debt from the plaintiff.

9.   EOS falsely represented to the plaintiff and to other third parties (e.g. major credit agencies, etc.) that said debt belonged to the plaintiff and that the plaintiff had not paid said debt.

10.   After the plaintiff notified EOS that said account was not hers and that she had no such account with AT&T, the defendants continued to attempt to collect said debt and represent to third parties that said debt belonged to the plaintiff.

11. As a result of the defendants' negligent, reckless and intentional conduct in failing to screen the credit application that forms the basis of the disputed account, to identify true owners of

the disputed account and to investigate the plaintiff's claim of identity theft, the plaintiff has suffered emotional distress, damage to her reputation and damage to her credit.

### IV. CAUSE(S) OF ACTION

### CLAIM AGAINST DEFENDANT EOS/CCA

### COUNT  – 15 U.S.C. 1692, et. seq.,

### (The Fair Debt Collection Practices Act or "FDCPA")

12. The plaintiff incorporates by reference paragraphs one through eleven as if fully set out herein.

13. Defendant EOS constantly called the plaintiff about said debt even after being advised that said debt was not the plaintiffs and with the intent to harass and abuse the plaintiff in violation of

1692d(5) and the FDCPA's prohibition against said conduct.

14. Defendant EOS unlawfully attempted to collect a debt from the plaintiff that it knew or should have known did not belong to her and was not authorized to collect in violation of 1632f(1).

15. Defendant EOS attempted to mislead the plaintiff into believing that said account was hers thereby misrepresenting the character of said debt in violation of 1692e(2), (5), (8) & (10). Furthermore, they suggested that failure to pay said debt might result in an adverse credit report and legal action also in violation of 1692e(2), (5), (8) & (10).

16. The plaintiff seeks to redress the wrongs alleged herein for declaratory relief, other

equitable relief, and damages, as well as other remedies which the cause of justice shall require. The plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies and practices unless enjoined by this Court.

WHEREFORE, the Plaintiff prays that this court will grant a judgment in favor of Plaintiff and grant the Plaintiff monetary damages in an amount beyond the jurisdictional minimum of this court. Furthermore, the Plaintiff requests attorney's fees, compensatory, nominal and punitive damages, mental anguish, costs and such other relief that is just and appropriate.

## CLAIM AGAINST DEFENDANT USAM

### COUNT TWO – 15 U.S.C. 1692, et. seq.,

### (The Fair Debt Collection Practices Act or "FDCPA")

### via Respondeat Superior/Principal Agent

17. The plaintiff incorporates by reference paragraphs one through sixteen as if fully set out herein.

18. On or around 2012 defendant USAM owned an AT&T account allegedly opened by the plaintiff.

19. Defendant USAM retained EOS and exercised supreme control over EOS' hiring and firing and the manner in which EOS collected USAM's debts. The defendant USAM provided technical assistance and support to EOS.

20. USAM was not the original owner of said debt and acted as a debt collector as defined by the

FDCPA.  Ultimately, EOS, on behalf of defendant USAM, began to collect said debt from the plaintiff.

21.  It was the duty as aforesaid, by and through its licensed agents, servants and employees, to exercise ordinary care and caution in the collection of said debt from the plaintiff.

22.  At all times referenced herein and hereinabove, the defendant USAM's independent contractors, employees, including, but not limited to EOS, acted for defendant USAM & under defendant USAM's control and authority.  Defendant USAM's supervisors, independent contractors, employees, including but not limited to EOS acted within the line and scope of their authority.  The defendant USAM had supreme control and direction of defendant EOS' supervisors, independent contractors,

employees, including, but not limited to defining their duties, defining the manner in which they executed their duties and holding them out and/or permitting the appearance of authority in the aforementioned persons and entities.

23.  At all times relevant hereto there was an absence of collection policies, written or oral, which foster the appropriate resolution of identity theft and/or mistaken identity like the one involving the plaintiff.

24.  Not regarding its duty as defined above, the defendant USAM, by and through its authorized agents, servants, and employees, was guilty of one or more of the following careless and negligent acts and omissions:

a. Defendant EOS through USAM, its agent, constantly called the plaintiff about said debt even after being advised that said debt was not hers with the intent to harass and abuse the plaintiff in violation of 1692d(5)

b. Defendant EOS, through USAM, its agent, unlawfully attempted to collect a debt from the plaintiff that it knew or should have known did not belong to her and was not authorized to collect in violation of 1632f(1).

c. Defendant EOS, through USAM, its agent, attempted to mislead the plaintiff into believing that said account was hers thereby misrepresenting the character of said debt in violation of 1692e(2), (5), (8) & (10). Furthermore, they suggested that failure to pay said debt might result in an adverse

credit report and legal action also in violation of 1692e(2), (5), (8) & (10).

25.  As a direct and proximate result of the aforesaid, the plaintiff suffered emotional distress and damage to her reputation and credit.

WHEREFORE, the Plaintiff prays that this court will grant a judgment in favor of Plaintiff and grant the Plaintiff monetary damages in an amount beyond the jurisdictional minimum of this court. Furthermore, the Plaintiff requests attorney's fees, compensatory, nominal and punitive damages, mental anguish, costs and such other relief that is just and appropriate.

## CLAIMS AGAINST DEFENDANT AT&T

### COUNT THREE — NEGLIGENCE

26.  The plaintiff incorporates paragraphs

one through twenty-five of the complaint as if fully set out herein.

27.  Defendant AT&T had duties pursuant to state common and statutory law (i.e. ACDPA) and federal credit reporting laws (i.e. TILA, FCRA) to accurately identify the owners of its debt.

28.  Defendant AT&T negligently, recklessly and intentionally opened the account that is purportedly owned by the plaintiff and failed to exercise due care in investigation the true applicant for said account.

28.  Defendant AT&T negligently, recklessly and intentionally wrongly identified the plaintiff as the owner of said account.

29.  Defendant AT& T negligently, recklessly and intentionally failed to reinvestigate the

plaintiff's mistaken identity claims after being notified of the same

## COUNT FOUR - SLANDER/LIBEL

30. The Plaintiff hereby incorporates paragraphs one through twenty-nine as if fully set out herein.

31. The defendant AT&T's statement that the plaintiff owned said account was false and defamatory.

32.  Defendant AT&T stated to USAM and to EOS that the plaintiff did not pay her debt after agreeing to pay the same.  Defendant AT&T also shared these statements with major credit bureaus and caused said statement to be published in the same.

33.  Consequently, the plaintiff's reputation

and credit have been damaged and she has suffered extreme emotional distress.

WHEREFORE, the Plaintiff prays that this court will grant a judgment in favor of Plaintiff and grant the Plaintiff monetary damages in an amount beyond the jurisdictional minimum of this court. Furthermore, the Plaintiff requests attorney's fees, compensatory, nominal and punitive damages, mental anguish, costs and such other relief that is just and appropriate.

## VII.    PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court will assume jurisdiction of this matter and:

1.  Issue a finding that the Defendants'

policies, practices, procedures and customs violate of the rights of the plaintiff, as secured by the FCDPA and state common law identified herein.

2.    Grant the plaintiff such other relief as this cause may require, including compensatory damages, punitive damages, special damages, costs, attorney's fees and expenses.

3.    Enjoining the defendants from continuing to engage in such unlawful practices and grant such other relief as is just and appropriate.

Respectfully Submitted,

s/Lee Wendell Loder
Lee Wendell Loder
Attorney for Plaintiff
Loder, P.C.
PO Box 13545
Birmingham, Alabama 35202
(205)326-0566

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**SERVE DEFENDANT AT:**

EOS CCA
P.O. BOX 5055
Norwell, MA 02061-5055

US Asset Management, Inc.
P.O. BOX 5055
Norwell, MA 02061-5055

AT&T
208 S. Akard Street
Dallas, TX 75202